# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MICHAEL DEON MILLS,, ) | |
| ) | Case No. 3:17-cv-515 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| KEVIN GENOVESE, Warden, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Petitioner Michael Deon Mills, a Tennessee inmate proceeding pro se, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his Tennessee judgments of conviction for two counts of especially aggravated kidnapping, one count of especially aggravated robbery, and one count of aggravated burglary. Having considered the submissions of the parties, the state-court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied.

### I.    SUMMARY OF RELEVANT EVIDENCE & PROCEDURAL HISTORY

At trial, evidence was introduced that Petitioner and several others forced their way into a home in Knox County, Tennessee, and beat the occupants using a baseball bat and the butt of a shotgun while committing a robbery. (*See, e.g.*, Doc. 14-2, at 64–107; Doc. 14-3, at 32–58; Doc. 14-4, at 15–29.) An emergency call was placed during the attack, and police arrived while Petitioner and another assailant were still in the home. (*See, e.g.*, Doc. 14-4, at 22–24, 30–35, 38.) Petitioner was discovered by police "sandwiched in between the bed and the wall in the bedroom" with a loaded shotgun lying on the bed. (*Id.* at 38–39.)

One of the assailants testified against Petitioner at trial. (*See, e.g.,* Doc. 14-3, at 71–98.) During closing arguments, the State argued that "you heard from the one – the only one that has accepted responsibility in this case – [a co-defendant]." (Doc. 14-5, at 54.) During the State's rebuttal argument, the prosecutor stated, "At the end of the day what [the co-defendant] told you is unrefuted. Absolutely unrefuted." (*Id*. at 68.) Petitioner's trial counsel did not object to either of these statements. (*Id*. at 54, 68.)

A Knox County jury convicted Petitioner of two counts of especially aggravated kidnapping, one count of especially aggravated robbery, and one count of aggravated burglary. (Doc. 14-6, at 124.) He was sentenced to an effective sentence of twenty-five years. (Doc. 14-1, at 55–58.) The convictions and sentence were affirmed on appeal. *State v. Mills*, E2009-01708-CCA-R3-CD, 2011 WL 13167859, at *4 (Tenn. Crim. App. April 21, 2011), *perm. app. denied* (Tenn. July 14, 2011) ("*Mills I*"). The Tennessee Supreme Court denied discretionary review. (Doc. 14-15.)

Through post-conviction counsel, Petitioner filed a petition for post-conviction relief and several amendments thereto. (Doc. 14-16, at 12–20.) At the post-conviction evidentiary hearing, Petitioner testified that he hired trial counsel after she convinced him that the plea offer of twelve years at thirty percent to serve that his first attorney obtained for him was not favorable enough. (Doc. 14-17, at 26–28.) He stated that he had never intended to go to trial, and that his attorney never discussed with him what penalties he might face if he went to trial. (*Id*. at 28–29.) Petitioner maintained that when he learned that he would face trial, he asked his attorney to call the prosecutor and to secure his plea bargain for a twelve-year sentence, but she advised him that the prosecutor declined to renew the offer. (*Id*. at 33–34.) He otherwise claimed that counsel advised him that the most severe penalty he would face if convicted would be fifteen years at

2

thirty percent to serve, because everything except the robbery case would get dismissed at trial. (*Id*. at 34–35.)

Trial counsel testified that she began representing Petitioner following the termination of his first retained counsel. (*Id*. at 62–64.) She stated that Petitioner adamantly refused to plead guilty and that she "wasn't even authorized to do any negotiations for [Petitioner] because he said he was not going to plea." (*Id*. at 64, 69–70, 73.) She testified that Petitioner's father "was trying to get [Petitioner] to consider" taking a plea but that Petitioner "was adamant that he did not want to plea[d], he wanted to go to trial." (*Id*. at 69.) Trial counsel stated she researched Petitioner's sentencing exposure on each charge and advised him that he could receive a sentence between fifteen and twenty-five years to be served at 100 percent for the especially aggravated robbery charge. (*Id*. at 66–67, 69.) She testified that she "never promised [Petitioner] anything." (*Id*. at 68.)

In a written order denying relief, the post-conviction court credited trial counsel's testimony and found Petitioner had failed to prove trial counsel's deficiency. (Doc. 14-16, at 30–35.) The Tennessee Court of Criminal Appeals ("TCCA") affirmed the denial of relief. *Mills v. State*, E2016-01544-CCA-R3-PC, 2016 WL 6840484, at *4 (Tenn. Crim. App. Nov. 21, 2016), *perm. app. denied* (Tenn. Mar. 8, 2017) ("*Mills II*"). The Tennessee Supreme Court denied discretionary review. (Doc. 14-25.)

Thereafter, Petitioner filed the instant petition for writ of habeas corpus, as amended, raising the following claims: (1) the prosecution improperly commented on Petitioner's failure to testify at trial; (2) trial counsel rendered ineffective assistance in misadvising Petitioner of his sentencing exposure; (3) trial counsel rendered ineffective assistance in failing to object to improper comments made by the prosecutor at sentencing; and (4) post-conviction counsel

rendered ineffective assistance. (Doc. 5.) Respondent filed an answer on May 18, 2018. (Doc. 15.) This matter is now ripe for the Court's review.

## II. LEGAL STANDARD

The Court's review of the instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which prevents the grant of federal habeas relief on any claim adjudicated on the merits in a State court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1), (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Federal habeas relief may be granted under the "contrary to" clause when the state court (1) arrives at a conclusion opposite that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). Under the "unreasonable application" clause, a federal court may grant relief when the state court applies the correct legal principle to the facts in an unreasonable manner. *See id*. at 407–08; *Brown v. Payton*, 544 U.S. 133, 141 (2005). Whether a decision is "unreasonable" is an objective inquiry; it does not turn on whether the decision is merely incorrect. *See Schriro*, 550 U.S. at 473 ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable − a substantially higher threshold."); *Williams*, 529 U.S. at 410–11. This standard will allow relief on a federal claim decided on its merits in State court only where the petitioner demonstrates that the State ruling "was so lacking in justification that there was an error understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). When evaluating

the evidence presented in state court, a federal habeas court presumes the correctness of the state court's factual findings unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The doctrine of procedural default also limits federal habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding prisoner's procedural default forfeits his federal habeas claim). A procedural default exists in two circumstances: (1) when the petitioner fails to exhaust all of his available state remedies, and the state court to which he would be required to litigate the matter would now find the claims procedurally barred, and (2) when a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that rule provides an independent and adequate basis for the dismissal. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731–32, 735 n.1 (1991). A procedural default may be circumvented, allowing federal habeas review of the claim, only if the prisoner can show cause and actual prejudice for the default, or that a failure to address the merits of the claim would result in a fundamental miscarriage of justice. *Id.* at 750; *see also Wainwright v. Sykes*, 433 U.S. 72, 87, 90–91 (1977).

"Cause" is established when a petitioner show somes objective external factor impeded defense counsel's ability to comply with the State's procedural rules, or that his trial counsel rendered ineffective assistance. *See id*. at 753. The prejudice demonstrated to overcome the default must be actual, not merely a possibility of prejudice. *See Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986) (citations omitted); *see also United States v. Frady*, 456 U.S. 152, 170 (1982) (holding prejudice showing requires petitioner to bear "the burden of showing, not merely that errors [in the proceeding] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimension") (emphasis in original). A fundamental miscarriage of justice of occurs "where a

constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### III. DISCUSSION

#### A. Procedurally Defaulted Claims

##### 1. Prosecutorial Misconduct

In Claim 1, Petitioner alleges that the prosecution made improper comments on his failure to testify at trial. (Doc. 5, at 6–7.) This claim was held waived on direct appeal based on Petitioner's failure to lodge a contemporaneous objection to the alleged error at trial. *Mills I*, 2011 WL 13167859, at *4. Petitioner does not acknowledge his default of this claim and instead maintains that he exhausted his state-court remedies with regard to this claim by raising the claim on direct appeal. (Doc. 5, at 7.)

However, as the Court noted above, failure to comply with a state procedural rule will foreclose habeas review of a claim if the decision of the state court rested on the state-law rule, and it is independent of the federal question and adequate to support the judgment. *See, e.g., Walker v. Martin*, 562 U.S. 307, 315 (2011). To determine whether a habeas claim is precluded by the failure to observe a State procedural rule, a reviewing court must determine: (1) whether an applicable rule exists with which the petitioner failed to comply; (2) whether the state courts actually enforced the rule; (3) whether the rule is an adequate and independent state rule on which the state can rely to foreclose review of the federal claim; and (4) whether cause exists for the petitioner's failure to follow the rule, and that he was prejudiced by the alleged error. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

The Court finds that the waiver rule articulated in Tennessee Rule of Appellate Procedure 36(a) and relied upon by the TCCA constitutes a firmly established and regularly enforced independent rule that precludes this Court's review of the instant claim. *See Hugueley v.*

*Westbrooks*, No. 09-1181-JDB-EGB, 2017 WL 3325008, at *23 (W.D. Tenn. Aug. 3, 2017); *see also State v. Willis*, 496 S.W.3d 653, 755 (Tenn. 2016) (waiving challenge to prosecutorial comments where defendant failed to object at trial); *State v. Armstrong*, 256 S.W.3d 243, 249 (Tenn. 2008) (noting failure to contemporaneously object to prosecutor's comments waives challenge). Therefore, the rejection of this claim by the state court rested on a state-law rule independent of the federal question and adequate to support the judgment. *See Coleman*, 501 U.S. at 738; *Walker*, 562 U.S. at 315. Petitioner has neither demonstrated cause and prejudice for the default, nor that a fundamental miscarriage of justice would result from failure to consider this claim.[1] Accordingly, federal habeas relief will be denied.

### 2. Ineffective Assistance of Counsel Based on Counsel's Failure to Object to Prosecution's Improper Comments at Sentencing

In Claim 3, Petitioner alleges the ineffective assistance of trial counsel based on counsel's failure to object to the prosecution's improper comments at sentencing. This claim was raised in Petitioner's initial post-conviction petition but was abandoned on post-conviction appeal. (*See* Doc. 14-16, at 16; Doc. 14-20.)

A claim must be presented to the TCCA in order to meet the AEDPA's exhaustion requirement. *See Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003); *see also* Tenn. S. Ct. R. 39 (establishing presentation of claim to TCCA is sufficient to exhaust State remedies). Therefore, by failing to pursue this claim to the TCCA, Petitioner failed to fully exhaust this claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that proper exhaustion requires petitioner to pursue claim through "one complete round of the State's established appellate

---

[1] The Court otherwise notes that the TCCA reviewed this claim for plain error and determined that none existed, since the jury was properly instructed that it could not place any significance on Petitioner's choice not to testify at trial (*see* Doc. 14-6, at 113) and the proof against him "was overwhelming." *Mills I*, 2011 WL 13167859, at *5.

review process"). Because there is no avenue by which Petitioner may now obtain state-court review of this claim, it is technically exhausted but procedurally defaulted by Tennessee's applicable statute of limitation and prohibition against successive petitions. *See Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains available, the issue is procedurally defaulted."); *see also* Tenn. Code Ann. § 40-30-102(a) (one-year limitation period) and § 40-30-102(c) ("one petition" rule).

Petitioner has not argued that a fundamental miscarriage of justice would result from failure to review the claims. He has, however, claimed that post-conviction counsel rendered ineffective assistance in failing to pursue this claim. (*See* Doc. 5, at 14.) In some circumstances, the ineffective assistance of post-conviction counsel may provide cause to excuse the default of a substantial ineffective-assistance of trial counsel claim. *See Martinez v. Ryan*, 566 U.S. 1, 9, 14 (2012). In this case, however, Petitioner cannot avail himself of the *Martinez* exception to secure review of this claim, because this claim was raised in the initial collateral-review proceeding but defaulted on post-conviction appellate review. *See West v. Carpenter*, 790 F.3d 693, 698 (6th Cir. 2015) (finding ineffectiveness of post-conviction counsel sufficient to establish "cause" does not apply "at post-conviction appellate proceedings because those proceedings are not the 'first occasion' at which an inmate could meaningfully raise an ineffective-assistance-of-trial-counsel claim") (citation omitted)). Accordingly, this claim is defaulted and barred from review.

### B. Ineffective Assistance of Counsel Based on Counsel's Advice Regarding Petitioner's Sentencing Exposure

In Claim 2, Petitioner alleges that his trial counsel rendered ineffective assistance in misadvising him regarding his sentencing exposure. (Doc. 5, at 9.) Petitioner states that trial counsel allegedly told him that "the kidnapping charges were going to be dismissed . . . and that

the worst he could get would be 15 years at 30 [percent]." (*Id*.) Petitioner further states that counsel told him "that the case was just really on aggravated assault," and that, based on counsel's advice, he "turned down a plea offer of 12 years." (*Id*.)

Claims of ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a habeas petitioner to satisfy a two-prong test to warrant federal habeas corpus relief: (1) he must demonstrate constitutionally deficient performance, and (2) he must demonstrate actual prejudice as a result of such ineffective assistance. *Strickland*, 466 U.S. 668 (1984). Deficiency is established when a petitioner can demonstrate that counsel's performance falls below an objective standard of reasonableness as measured by professional norms, such that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. at 687–88. A reviewing court's scrutiny is to be highly deferential of counsel's performance, with an effort to "eliminate the distorting effects of hindsight." *Id*. at 689. In fact, counsel is to be afforded a presumption that his actions were the product of "sound trial strategy" and undertaken with the exercise of reasonable professional judgment. *Id*. Prejudice is established when the petitioner can demonstrate to a reasonable probability that the result of the proceedings would have been different but for the challenged conduct, thereby undermining confidence in the reliability of the outcome. *Id.* at 694. However, an error, even if professionally unreasonable, does not warrant setting aside the judgment if it had no effect on the judgment. *Id.* at 691.

On habeas review, the issue for the district court is not whether the *Strickland* standard is met, but rather, whether the State-court's decision that *Strickland* was not met warrants relief under AEDPA standards. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("When 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether

9

there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."). Accordingly, when a *Strickland* claim has been rejected on its merits by a State court, a petitioner "must demonstrate that it was necessarily unreasonable" for the State court to rule as it did in order to obtain federal habeas relief. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

Trial counsel's testimony that she properly advised Petitioner of his sentencing exposure, that she never promised him any particular outcome, and that Petitioner adamantly refused to consider taking a plea, was credited by the post-conviction court. (*See* Doc. 14-17, at 66, 69, 72–73.) This Court must defer to those credibility findings absent "powerful" evidence to the contrary. *Miller-El v. Dretke*, 545 U.S. 231, 265 (2005); *see also Miller-El v.Cockrell*, 537 U.S. 322, 339 (2003) (holding "[d]eference is necessary because a reviewing court, which analyzes only the transcripts[,] . . . is not as well positioned as the trial court to make credibility determinations"). After a review of the record, the Court agrees with the TCCA's assessment that "[t]he evidence in the record does not preponderate against the post-conviction court's findings." *Mills II*, 2016 WL 6840484, at *7. Therefore, the Court finds that Petitioner has not shown that the TCCA's decision rejecting this claim was contrary to, or that it involved an unreasonable application of, *Strickland* and its progeny, or that it was based on an unreasonable determination of facts in light of the evidence presented. This claim does not warrant federal habeas relief.

**C.**      **Ineffective Assistance of Post-Conviction Counsel**

In his fourth and final claim for relief, Petitioner alleges that post-conviction counsel rendered ineffective assistance by doing "virtually nothing to represent" him in the initial

collateral-review hearing. (Doc. 5, at 15.)² However, a freestanding claim that post-conviction counsel was ineffective is not a cognizable basis for federal habeas relief. *See* 28 U.S.C. § 2254(i) (determining ineffectiveness of collateral-review counsel is not a basis for federal habeas relief); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]"); *Coleman*, 501 U.S. at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings."); *Wallace v. Sexton*, 570 F. App'x 443, 454 (6th Cir. 2014) (finding "[t]he Supreme Court has not recognized ineffective assistance of post-conviction counsel as a free-standing constitutional claim"). Because Petitioner possesses no constitutional right to post-conviction counsel, he has no extant right to the effective assistance of such counsel. Therefore, this claim is not cognizable on federal habeas review, and it must be dismissed.

## IV.     CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of

---

² The Court notes, however, that at the post-conviction evidentiary hearing, Petitioner agreed that he had "no concerns or complaints about any representation by [post-conviction counsel] in his representation of [Petitioner] on direct appeal and on [his] petition for post-conviction relief" and that he had waived the right to later claim that post-conviction counsel had "done anything wrong in his representation" of Petitioner. (Doc. 14-17, at 5.)

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## V. CONCLUSION

Petitioner has failed to demonstrate an entitlement to federal habeas relief. Therefore, his petition for a writ of habeas corpus will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**